**Miro MAMIC, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4303–ag.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Zoran Najdovski, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Gregory M. Kelch, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Miro Mamic, a native and citizen of Croatia, seeks review of the September 7, 2007 order of the BIA affirming the April 14, 2003 decision of Immigration Judge ("IJ") Victoria L. Ghartey, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miro Mamic,* No. A70 900 307 (B.I.A. Sept. 7, 2007), *aff'g* No. A70 900 307 (Immig. Ct. N.Y. City, Apr. 14, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA's decision affirms in part and modifies in part the decision of the IJ, we review the decision of the IJ as modified by the BIA. *See Brito v. Mukasey,* 521 F.3d 160, 163 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B);

*Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

An alien is "eligible for asylum only if they fear persecution in the country of their nationality or, if they have no nationality, in the country in which they most recently 'habitually resided.'" *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 529 (2d Cir.2006) (quoting 8 U.S.C. § 1101(a)(42)). Therefore, an asylum applicant's nationality, or lack thereof, is a threshold question when determining eligibility for asylum, *id.* at 528, and it is the applicant's burden to establish that eligibility, *see* 8 C.F.R. § 1208.13(a).

Before analyzing Mamic's eligibility for the requested relief, the IJ found that Mamic failed to adequately support his claim that he was stateless. The IJ concluded that Mamic was a citizen of Croatia and, after finding him ineligible for relief, ordered him deported to that country. Mamic's challenge to the agency's designation of Croatia as the country of deportation—the country that he designated through counsel—is not equivalent to a challenge to the threshold issue of nationality relative to his asylum eligibility. *Compare Wangchuck,* 448 F.3d at 528–29 (discussing the applicant's nationality), *with id.* at 530–31 (discussing the designation of the country of removal); *see also Jama v. ICE,* 543 U.S. 335, 337–38, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005). Because Mamic's brief before the BIA challenged neither the IJ's conclusion that Mamic is a native and citizen of Croatia, or her order that he be deported there, and because his arguments before this Court focus only on whether he was properly ordered deported to Croatia, he has abandoned any challenge to the agency's conclusion that he is a native and citizen (and, therefore, a "national") of Croatia.[2] *Cf.*

---

**2.** Even if we construed Mamic's challenge to

the agency's designation of Croatia as the

*Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (discussing abandonment of arguments). Accordingly, we find no reason to disturb the BIA's conclusion that the issue of whether Mamic may face persecution or torture in Bosnia and Herzegovina is irrelevant given the IJ's finding that Mamic is a national of Croatia, and ordered him deported there.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

country of deportation as a challenge to its determination of his country of citizenship, we would still deny his petition for review. The record evidence indicating Mamic's Croatian citizenship was substantial. Indeed, he was born in Croatia, he attended university there, he served ten months in the Croatian army, and his amended asylum application listed a Croatian address as his last address before his entry into the United States.

